### HAMILTON MARSHALL V. THE STATE.

1. It is the duty of the judge on the trial of a criminal cause to distinctly set forth the law applicable to the case, as developed by the facts proved; and this is not accomplished by simply announcing the general principles of law defining the particular offense charged.

2. The judge should anticipate the conclusion, upon the facts proved, to which the jury might properly arrive from the evidence, and instruct them as to what combination of such facts, if proved to their satisfaction, would constitute the offense charged, and what combination of such facts (if they exist) would excuse or justify the defendant, or establish his innocence.

3. If the evidence is conflicting and points to different conclusions of fact, some of which would mitigate the offense, then the judge should instruct the jury as to what fact, or combination of facts, would mitigate the offense to a lower degree, which might be embraced in the indictment.

APPEAL from Galveston.    Tried below before the Hon. Samuel Dodge.

Marshall was indicted for an assault with intent to kill and murder one Benjamin Lawrence.   Lawrence testified, that he was steward for a hotel in Galveston, and it was the duty of Marshall, who was also an employé, to wake him up at 4 o'clock.   Marshall had several times waked him too soon, and did so on the morning of the seventeenth of November, 1873, on which occasion he told Marshall that he deserved to "have a head put on him" for waking him up too soon; to which Marshall replied, that two could play at that game, and thereupon picked up a knife and hatchet; after which Lawrence seized a small stick of wood, and ordered Marshall to put the hatchet

down, but made no effort to strike him. Marshall then threw the hatchet, inflicting a severe wound on the face of Lawrence.

A material fact in this version was denied by Albert Carter, a witness for the State, who was the only other witness to the difficulty, and who stated, that when he first saw the parties, Lawrence held a stout stick of wood raised up as if to throw at Marshall, who thereupon stepped to the hatchet, took it up and threw it at Lawrence. Two other witnesses, Fulton and Metcalf, testified that the character of Marshall was that of a peaceable man..

Verdict of guilty, and punishment assessed at two years imprisonment in the penitentiary.

*Mills & Tevis*, for appellant, cited Yanez v. The State, 20 Texas, 660.

*Geo. Clark, Attorney-General*, for the State.

ROBERTS, CHIEF JUSTICE.—This was an indictment against appellant for an assault with intent to murder Benjamin Lawrence, upon which he was found guilty, and his punishment assessed at two years confinement in the penitentiary. The entire charge of the court, except the charge asked by defendant, was excepted to, which appears in a bill of exceptions.

There was a motion for a new trial, corresponding substantially with the assignment of errors, which motion was overruled and exceptions taken thereto.

The transcript contains a statement of facts, judgment of conviction corresponding to the verdict, and notice of appeal to the Supreme Court.

The errors assigned are, that the court erred in the instructions to the jury, by which they were misled, and that the verdict of the jury was not warranted by the evidence.

It may not be improper to remark, that it would be much the safer practice to follow strictly the Code of Criminal Procedure in setting out the grounds of a motion for a new trial. Although this has not been done in this case, they are sufficiently specific to require a decision upon the errors indicated, in reference both to the law and to the facts.

The charge of the court excepted to is composed of definitions of murder, assault with intent to murder, an aggravated assault, and a common assault, together with explanatory provisions relating thereto, extracted from the Penal Code. There is no effort in giving the charge to the jury to "distinctly set forth the law applicable to the case," as developed by the facts proved on the trial, which is required in every case of felony, whether asked or not. (Pas. Dig., Arts. 3059–3060.)

When there is a failure to perform this duty, and an exception thereto is made at the time of the trial, and the exception is made to appear by a bill of exceptions, it is expressly made good cause for the reversal of the judgment of conviction. (Pas. Dig., Art. 3067.)

If this charge is proper in this case, it would be equally so in every other case of assault with intent to murder, however variant the facts might be from those in this. It is not contemplated that the purpose of the charge is to educate the jury to a knowledge of the general principles of law relating to an offense of this kind, as is done by a law lecture upon the subject, whether quoted from the code or from standard elementary authors. Rather it is expected that the judge, upon due consideration, shall anticipate the conclusion as to the facts to which the jury might properly arrive from the evidence before them, and instruct the jury as to what combination of such facts, if proved to their satisfaction, would amount to the offense charged in the indictment, and what combination of such facts (if they existed) would excuse or justify the

defendant, or establish his innocence. And if the evidence pointed to different conclusions of fact, tending to establish different degrees of the offense (as the jury might give credence to one or to the other versions of the evidence where it was variant or conflicting), then the judge should instruct the jury as to what fact, or combination of facts, would mitigate the offense to a lower degree, or to lower degrees, which might be embraced in the indictment.

The conflicting evidence given in the trial of this case made such an alternative charge as that here indicated absolutely necessary. The jury, if they implicitly believed the facts to have been as sworn to by Lawrence, must have concluded that the defendant, almost without a serious provocation, even of words, made a violent assault and inflicted a serious injury upon Lawrence by throwing a hatchet at him, which, if not a deadly weapon as used, was certainly calculated to do serious bodily injury—the unprovoked use of which might well be regarded as indicating a wanton cruelty and a disposition fatally bent on mischief sufficient to warrant a conviction for the offense charged in the highest degree.

On the other hand, if the jury implicitly believed the evidence of all the other witnesses, who proved that defendant was a peaceable man; that Lawrence, upon being aroused from his sleep too soon, told defendant that he deserved to have another head put on him (which, under the circumstances, might well have been understood to be a threat to knock off the one he had); that upon making that remark, he (Lawrence) picked up a large stick, used for wood in the kitchen, and had it in a striking attitude, as if to throw it at defendant, looking angry at the same time; that thereupon the defendant, Marshall, picked up a hatchet from the table and threw it at Lawrence, striking him on the cheek and cutting it, and then walked out of the room, without further following up the difficulty, the

jury might well have concluded, that if the defendant was not fully justified on the ground of self-defense, he could, at most, only have been guilty of an aggravated assault and battery—the act being done in a sudden affray, in the heat of passion, in which both participated, under such circumstances as that had Lawrence been killed by the blow it would have been manslaughter only, and not murder. There was no charge given adapted to this state of the facts which would have enabled the jury to have found the defendant guilty of an aggravated assault and battery. It is true that there was no such charge asked; but that does not excuse the omission, as the evidence fairly admitted of that conclusion as to the real facts of the case, and therefore such a charge was required, whether asked or not, this being a case of felony.

The charge asked by the defendant's counsel, and given by the court, referred only to the contingency under which the defendant would have been justified on the ground of self-defense. The jury were constrained, under the charge, either to acquit the defendant entirely or find him guilty of an assault with intent to murder; and in this there was error, for which the judgment must be reversed. (Atkinson v. The State, 20 Texas, 529.)

REVERSED AND REMANDED.