## BOB VINCENT *v.* THE STATE.

1. PRACTICE — CHARGE OF THE COURT. — If an erroneous charge was not excepted to, nor a proper instruction requested, the error in the charge is not cause for reversal unless it was, under all the circumstances, calculated to injure the rights of the defendant.

2. SAME. — *Per contra*, if an erroneous charge was duly excepted to, or if a proper charge was requested and refused, the judgment will be reversed, though the tendency of the error to injure the defendant was but slight and the proof of the defence but vague.

3. SAME. — In a trial for theft, the defence stood upon a claim of *bona fide* purchase of the property, and adduced testimony which tended directly to prove that defence. The charge of the court wholly ignored the issue, but no objection was taken to it until the motion for a new trial was presented. *Held*, that the defect in the charge was necessarily prejudicial to the rights of the defendant, and is therefore material error.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. HOOD.

The facts are sufficiently disclosed in the opinion.

*Furman & Furman*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. The appellant's theory of defence was that he had in good faith purchased the animals mentioned in the indictment. This was supported by the evidence of a witness, and this appellant's statement made before the examining court and introduced by the State. The witness swore that he was present and witnessed the purchase. Appellant insists that upon these facts he was legally entitled to an instruction submitting this issue clearly and distinctly to the jury.

Be it remembered that the objection to the charge of the court was urged for the first time in his motion for a new trial. The charge was not excepted to, nor was there a special charge requested. We desire to propound and answer three questions : —

1. Suppose the court erred in its charge, and there were neither special charges asked nor exceptions to the charge as given, what is the rule?

2. Suppose the charge is wrong, and the defendant excepts or requests the proper charge to be given, which is refused, what is the rule?

3. Suppose (the charge being erroneous) the objection is made first on motion for new trial, or suppose there is no motion, but it appears of record in this court, what then is the rule?

To the first question we reply, that if the charge is not excepted to at the proper time, or special charges (covering the defects) asked, the error in the charge must be of such a nature, under all the circumstances as shown by the record, as was calculated to injure the rights of the defendant, to justify a reversal. *Tuller* v. *The State*, 8 Texas Ct. App. 501; *Bishop* v. *The State*, 43 Texas, 390; *Smith* v. *The State*, 7 Texas Ct. App. 382, and authorities there cited.

To the second we answer that if the charge was excepted to, or special charges requested and refused, this court will reverse, though the tendency to injure be slight, or the evidence tending to support the defence, whatever that may be, is vague and uncertain. *Bishop* v. *The State*, 43 Texas, 390; *Marshall* v. *The State*, 40 Texas, 202; *Heath* v. *The State*, 7 Texas Ct. App. 464; *Riojas* v. *The State*, 8 Texas Ct. App. 49; *Fury* v. *The State*, 8 Texas Ct. App. 471.

To the third question the answer must be the same as that given to the first, that the error must be calculated to injure the rights of the defendant. *Bishop* v. *The State*, 43 Texas, 390.

Appellant objecting to the charge by motion for new trial, and failing to except or ask the proper charge, it follows that we are to determine whether the failure to give a charge relative to his purchase was such error as in its nature was calculated, under all the circumstances, to injure the rights of appellant.

The State sought to convict upon recent possession, the positive evidence of an accomplice, and contradictory statements of defendant. On the other hand, the defendant relied upon reasonable account when called upon to explain, his statement made before the examining court (introduced by the State), and direct evidence of a witness to the purchase. These facts tend incontestably to the formation of an issue on the purchase by defendant. The failure to give the defendant a square, clean-cut charge upon that issue would strongly tend to eliminate it from the consideration of the jury, which would be calculated to injure the rights of the defendant. For the error of the court in failing to charge the law applicable to the case, and the failure being injurious to the rights of the defendant, this case must be reversed.

The defendant moved in arrest of judgment because the indictment failed to negative the consent of Wilson, in whom the possession was alleged. This would be good if true, but the indictment makes no such failure if the transcript be correct. The other errors complained of by appellant will not be noticed, as they are not likely to occur on a new trial.

*Reversed and remanded.*