Danny **DAVIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–84–050 CR.

Court of Appeals of Texas,
Beaumont.

Jan. 9, 1985.

Bill Howell, Houston, for appellant.

William Behler, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of murder and the jury assessed his punishment at thirty years confinement in the Texas Department of Corrections. Appeal has been perfected to this Court.

Appellant does not contend that the evidence is insufficient to support the conviction. His first ground of error states:

"The trial court erred in excluding the testimony of Michael Wilson because his testimony constitutes an integral element of appellant's claim of self-defense."

The court heard the testimony of Jerome Michael Wilson out of the presence of the jury. At the conclusion, the court sustained the State's objection to the testimony and excluded it from the jury. The following was developed: The witness knew the deceased, and had lived with him. In 1980, he had taken the deceased to a psychiatric ward because of a drug problem. The deceased was unstable mentally, and "would take something and break it and start an argument." The witness testified that the deceased at one time "put his fist through my wall." He also testified that the deceased would "break something on my car or break something on my motorcycle or take some item that I had in my house and break it." The witness had also seen the deceased under the influence of alcohol. The deceased would and could get violent, particularly if using alcohol. The deceased told the witness he, the deceased, once beat up his grandmother and was then placed in a mental home. Further, the witness testified that two weeks before his death, the deceased was drinking and suddenly ripped out the witness' kitchen faucet.

The appellant himself also testified: "Okay, I turned around—when I turned around to get my beer, I said I am going to get my beer and get the hell away from you all and I heard him [the deceased] say, oh, fuck you, and about that time I was hit from behind and knocked from that stove all the way up to—up against that wall."

Appellant cites us *Thompson v. State*, 659 S.W.2d 649, 653 (Tex.Crim.App.1983), holding:

"In a homicide case, when there is evidence of some act of aggression on the part of the deceased which is sufficient to raise an issue as to whether the defendant justifiably caused the death in self-defense, evidence of both the general reputation of the deceased for being of violent or dangerous character, and prior

specific acts of violent misconduct committed by the deceased which illustrate his violent character, are generally rendered admissible." (citations and footnotes omitted)

The testimony of the appellant set out above satisfies the requirement of the so-called "Dempsey Rule". *Dempsey v. State*, 159 Tex.Crim. 602, 266 S.W.2d 875, 878 (Tex.Crim.App.1954). The State admits in its brief "that the testimony of Appellant set out above was some evidence of an act of aggression by the deceased."

However, the State urges a distinction because "[a]ll of the acts of which Wilson claimed to have personal knowledge, involved breaking objects when he got mad. Other than the allegation that deceased had assaulted his grandmother, testimony which was excludable as hearsay, Wilson had no knowledge of any acts of aggression towards persons." We know of no case where our Court of Criminal Appeals has made such a distinction and, unless and until it does, we will apply the deceased's aggression to·objects and people without distinction.

Ground of error number one is sustained.

This case is reversed and remanded for a new trial.

Reversed and remanded.