**William C. CHUBB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–451–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 21, 1991.

Rehearing Overruled Jan. 9, 1992.

Nate Rhodes, Corpus Christi, for appellant.

Carlos Valdez, Walter Bryan, Elizabeth Landez, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of driving while intoxicated, and the court assessed punishment at ninety days in jail, probated for two years, and a $500 fine. We affirm.

Appellant's sole complaint is that the second paragraph of the court's charge failed to apply the law to the facts of the case. The State responds that the charge given was adequate and, alternatively, that appellant was not even entitled to the instruction. Tex.Code.Crim.Proc.Ann. art. 38.-23(a) (Vernon Supp.1991) provides:

> No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a

reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

■ Under this article, if the evidence raises a factual dispute concerning an investigatory detention, the trial court must instruct the jury to resolve the factual dispute and, if the resolution shows that the detention was improper, to disregard evidence obtained from it. *Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim.App.1986).

In the present case, Officer Grace Good testified that she was on routine patrol when she saw appellant's car approach hers. Appellant had on his high beam headlights. She flicked her high beams, and appellant flicked his lights two or three times and then went back to his high beams. She turned her patrol car around and followed him to a nearby convenience store. Officer Good parked at a distance and observed appellant get out of his car, leaving his headlights on. Appellant staggered into the store and, several minutes later, staggered out. He turned off his lights and sat in his car with the door open and his feet outside. Officer Good went to appellant, asked for identification, detected signs of intoxication, administered field sobriety tests, and then arrested appellant, formally.

Appellant testified, on the other hand, that he was driving to the convenience store when a car approached him with bright lights. He flicked his lights and continued on to the store, where he parked, entered, and bought cigarettes. As he exited the store, Officer Good immediately stopped him and asked for identification. Appellant explicitly denied staggering and contradicted Good's testimony concerning events at the convenience store.

■ We find that the evidence raised a factual dispute concerning the validity of the stop. Under appellant's version, Officer Good had no reason to stop him and administer sobriety tests, and any evidence obtained as a result of the stop should have been disregarded. Under Officer Good's version, she had reason to detain appellant and investigate whether he was intoxicated. Under these controverted facts, the trial court was required to give, as it did, an article 38.23 instruction. Accordingly, we must determine whether the charge which the trial court gave was sufficient.

The charge read as follows:

You are instructed that under our law no evidence obtained or derived by an officer or other person as a result of an unlawful stop and detention shall be admissible in evidence against such accused. An officer is permitted to make a temporary investigative detention of a motorist if the officer has a reasonable suspicion that some activity out of the ordinary is or has occurred, that the person detained is connected with such activity, and that there is some indication that the activity is related to crime or a criminal offense. Now, bearing in mind that the State has the burden of proof on the issue of reasonable suspicion and if you do not find from the evidence that on the occasion in question the officer had a reasonable suspicion that some activity out of the ordinary was or had occurred, that the person detained was connected with such activity, if any, and that there was some indication that the activity, if any, was related to crime or a criminal offense, or if you have a reasonable doubt thereof, you will disregard the testimony of the officers relative to the stopping of the defendant and their opinions and conclusions drawn as a result thereof and you will not consider such evidence for any purpose whatsoever.

Appellant objected to the above charge and requested a charge worded as follows:

You are instructed that under our law no evidence obtained or derived by an officer or other person as a result of an unlawful stop and detention shall be admissible in evidence against an accused. An officer is permitted, however, to make a temporary, investigative detention of a motorist if the officer has a reasonable suspicion that some activity out of the ordinary is or has occurred, that the person detained is connected with such activity, and that there is some

indication that the activity is related to a crime or a criminal offense.

Now, bearing in mind these instructions, if you find from the evidence beyond a reasonable doubt that on the occasion in question the defendant, William C. Chubb, did have his bright lights on and did stagger to and from the 7–Eleven store immediately preceding his detention by the police officer involved herein, then such detention of the accused would be legal. Unless you find the facts so to be beyond a reasonable doubt, you will disregard the testimony of the officers relative to the detaining of the defendant and their conclusions drawn as a result thereof and you will not consider such evidence for any purpose whatsoever and say by your verdict "not guilty."

■ A charge, rather than state mere abstract propositions of law and general statements of principles contained in the statutes, must clearly apply the law to the very facts of the case. *Hill v. State,* 640 S.W.2d 879, 883 (Tex.Crim.App.1982); *Harris v. State,* 522 S.W.2d 199, 202 (Tex.Crim. App.1975). Appellant contends that the charge did not apply the laws to the facts. The State contends that the charge "clearly applied the law to the facts."

Obviously, the trial court's charge is not as factually specific as appellant's requested charge. Nonetheless, we find that the trial court's charge is more factually specific than the abstract law contained in article 38.23. Whereas article 38.23 merely states that evidence obtained in violation of federal and state law shall not be considered, the trial court's instruction points the jury to evidence obtained as the result of an investigative detention, which is how the evidence in this case was obtained. The charge then instructs the jury that an officer may stop a motorist if the officer has a reasonable belief that some activity out of the ordinary has occurred and that there is some indication that the activity is related to a crime. It then directs the jury not to consider the testimony of the officers if it

finds that the officer on the occasion in question had no reasonable suspicion to believe that something out of the ordinary had occurred.

■ The function of the court's charge is to lead the jury in its deliberations and to prevent confusion. *Williams v. State,* 547 S.W.2d 18, 20 (Tex.Crim.App.1977); *Lugo v. State,* 732 S.W.2d 662, 666 (Tex.App.— Corpus Christi, no pet.).

After careful consideration of the law and the facts of this particular case, we find that the charge was sufficient to direct the jury's attention to the ultimate issue of whether Officer Good had reason to believe that appellant was involved in criminal activity. The individual disputed facts (who had bright lights, why did appellant flash his lights, did appellant stagger, did appellant sit in his car, did Good approach appellant before he got to his car, etc.) were significant only to the extent that they affected the ultimate question of whether Officer Good had a reason to stop appellant in the first place. Because the jury could have found some of the disputes in favor of appellant and some in favor of the State, a correct charge which took into account the variety of possible factual resolutions would have been unduly lengthy and confusing.[1] By charging as it did, the trial court adequately directed the jury to consider the ultimate fact issue (did the officer on the occasion in question have a reason to stop appellant).

■ Even if the charge could have been tied more directly to the facts without creating confusion for the jury, we find that any error was harmless. Under *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1984), if an error in the charge was the subject of a timely objection, as here, reversal is mandated if there was "some harm" to the accused from the error. In determining whether there was "some harm," the actual degree of harm must be assayed in light of the entire jury charge, the state

---

1. While the matter may simply have been a question of whether the jurors believed the officer or the appellant, a charge which restricted the jury to finding that one version or the other

was credible would have deprived the jury of its right to believe a portion of each witnesses' testimony.

of the evidence, argument of counsel, and any other relevant information revealed by the record of the trial as a whole.

Counsel for both parties discussed the specific factual disputes during jury argument. Although we recognize that jury argument will not cure errors in an incorrect charge, jury argument is a factor in assessing harm. In this case, because any deficiency in the charge was one of degree in the lack of factual specificity, and because the argument clarified the exact factual disputes, we find any error harmless. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

Dissenting opinion by DORSEY, J.

DORSEY, Justice, dissenting.

The issue upon which I dissent is whether the trial court in its instructions to the jury adequately applied the law to the specific facts of the case. I would hold that the application portion of the charge was inadequate and reverse. I therefore respectfully dissent.

Appellant challenges the propriety of the initial stop by the arresting officer, contending the officer did not have a reasonable suspicion to justify the investigatory *Terry*-type stop.

The facts at issue are straightforward. Appellant Chubb was driving down a city street around 5 a.m. with his lights on. Officer Good approached him in her vehicle from the opposite direction. Officer Good testified that Chubb had his high beam headlights on, and she blinked her headlights from low to high beam as a signal for him to dim his lights. Chubb flashed his headlights back. Officer Good made a U-turn and followed Chubb into a convenience store parking area. Officer Good testified she parked away from Chubb's car in the parking lot and observed him "stagger" from his car into the store and, shortly thereafter, "stagger" back. When Chubb returned to his car he sat in the front seat with the door open and his feet on the ground. The officer drove her car right behind Chubb's, blocking his exit, and confronted him, asking for identification.

Chubb disputes Good's version, maintaining that she did not have a reasonable articulable suspicion to justify the initial investigatory stop that occurred when she blocked his car's passage with hers. Chubb testified that he did not have his high beams on during their initial encounter, but that the officer did, and she flashed her lights at him and he flashed back, not knowing it was a police vehicle with which he was trifling. He further testified that he did not stagger into the convenience store nor did he stagger back, although he admitted wearing cowboy boots with high sloped heels. Chubb testified that Officer Good confronted him when he returned to his car.

The question is whether the officer had a reasonable suspicion that Chubb was intoxicated while he was driving his car so as to justify her interference with his movement at the convenience store. Although the officer did not explicitly say she *relied* on Chubb's particular actions to raise the suspicion that he was intoxicated, she testified to three things he did that would have reasonably raised the suspicion he was intoxicated: that Chubb initially had his lights on high beam; that he staggered to and from the store; and that he sat in his car with the door open with his feet on the ground. Chubb disputed all three actions.

Chubb presented the court with a special requested jury instruction, applying the law to the specific facts of the case. The pertinent part of his requested instruction reads,

"Now, bearing in mind these instructions, if you find from the evidence beyond a reasonable doubt that on the occasion in question the defendant, William C. Chubb, *did have his bright lights on and did stagger to and from the 7–Eleven store immediately preceding his detention by the police officer* involved herein, then such detention of the accused would be legal." (emphasis added)

The court refused to incorporate Chubb's version into the final jury charge. The court's charge, after stating generally the

offense and certain definitions, continued to instruct the jury in paragraph II that evidence obtained by an officer as a result of an unlawful stop shall not be admissible. The paragraph instructed that an officer is entitled to make an investigatory detention if the officer has a reasonable suspicion that unusual activity is occurring or has occurred, that the person stopped is connected with the activity, and the activity is related to a crime. Paragraph II of the charge then applied the law to the facts at issue:

> "Now, bearing in mind that the state has the burden of proof on the issue of reasonable suspicion and if you do not find from the evidence that on the occasion in question the officer had a reasonable suspicion that some activity out of the ordinary was or had occurred, that the person detained was connected with such activity, if any, and that there was some indication that the activity, if any, was related to the crime or a criminal offense...."

It is fundamental that the court's charge must not only state the abstract principles of law applicable to the case, it must also clearly apply the law to the facts of the case. *Beggs v. State*, 597 S.W.2d 375, 379 (Tex.Crim.App.1980); *Harris v. State*, 522 S.W.2d 199, 202 (Tex.Crim.App.1975). When the charge fails to apply the law to the facts of the case, the error is considered calculated to injure the rights of the defendant, depriving him of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984); *Harris*, 522 S.W.2d at 202. That kind of error goes to the very heart of the case, creating reversible error. *Harris*, 522 S.W.2d at 202.

The underlying principle is that jurors must be instructed on the circumstances in which they should find the defendant either guilty or innocent. *Perez v. State*, 537 S.W.2d 455, 456 (Tex.Crim.App.1976). "The court is the only neutral source to which the jury may look for an unbiased application of the facts of the case. An abstract charge does not inform the jury of what facts, if found by it, would constitute

proof of the elements of the offense." *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim.App.1977). The question in the instant case is how specifically must the law be applied to the facts in the charge. The majority concludes that, although the requested charge was more specific than that given, the one given was sufficient. I disagree. Nowhere in the charge given are specific facts mentioned, but only conclusions from those facts. The charge of the court at its most concrete inquired whether "some activity out of the ordinary was or had occurred," whether "the person detained was connected with such activity," and whether "the activity, if any, was related to the crime or a criminal offense." None of this in any way assists the jury in determining what particular facts they need to determine if the officer should have stopped the defendant. While the charge given might be sufficient to overcome an analysis on appeal of fundamental or egregious error,[1] it fails when a specific objection was made and a suggested charge was submitted.

Specificity in the application of the facts to the law is not a recent requirement of our jurisprudence. It is the duty of the judge to instruct the jury regarding what combination of facts are required to answer the question asked the jury. A general lecture on the principles of law is insufficient. *Marshall v. State*, 40 Tex. 200, 202–203 (1874); (full quote in *Beggs*, 597 S.W.2d at 379)). Such a requirement has long been recognized as a difficult one. "The great jurists of England and America have never been able to devise a charge which would be applicable to every case. Indeed, so vain is the task, it has never been essayed." *Atkinson v. State*, 20 Tex. 522, 529 (1857). I would hold the charge applied the law to the specific relevant disputed facts inadequately to aid the jury in determining the propriety of the stop by the officer. I would reverse and remand for new trial.

---

1. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.    Crim.App.1984).