**Michael PATTERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08-91-00261-CR.**

Court of Appeals of Texas,
El Paso.

Jan. 27, 1993.

Rehearing Overruled March 3, 1993.

Lawrence T. Newman, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Houston, for the State.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

LARSEN, Justice.

A jury convicted defendant/appellant Michael Patterson of theft by receiving. The trial court assessed punishment, as enhanced, at 30 years imprisonment. Appellant assigns four points of error concerning: (1) an omission from the charge; (2) a challenge to one of the State's peremptory strikes; (3) his motion to suppress; and (4)

an objection to a nonresponsive answer by a State's witness. We reverse the case on Appellant's first point of error and remand for new trial in accordance with this opinion.

## FACTS

Three Houston Police Department officers executed an arrest warrant for Appellant at his father's house. While there, the officers saw a vehicle which was parked half on the street and half on Appellant's private property. They ascertained the car was stolen, but neither Appellant nor his father, who were both present, admitted responsibility for possession of the stolen vehicle. The officers took Appellant and his father, Alvin Patterson, into custody. While in custody Michael Patterson gave a signed statement admitting receiving and using the stolen car, knowing it was stolen. Appellant's father witnessed the statement, and was later released.

## JURY CHARGE ON VOLUNTARINESS OF STATEMENT

■ In Point of Error Number One, Appellant argues the trial court erred in overruling his objection to the jury charge because it did not include an instruction tracking the relevant Article of the Texas Code of Criminal Procedure, which reads:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained. Tex.Code Crim.Pro.Ann. art. 38.23(a) (Vernon Supp.1993).

During the trial, Appellant's father testified that police officers had threatened his son, "if he didn't take the case for that red car, then they was going to take his daddy to jail." Although the officers denied ever making any such threat to coerce the younger Patterson's statement, the testimony by the elder Patterson raised an issue on whether the statement was legally obtained. The trial court was required to give the instruction once defendant raised the issue. Tex.Code Crim.Pro.Ann. art. 38.23; *Murphy v. State*, 640 S.W.2d 297, 299 (Tex.Crim.App.1982). Nevertheless, the trial court included only the following instruction in the charge, essentially tracking Tex.Code Crim.Pro.Ann. arts. 38.21 and 38.22 (Vernon 1979 and Vernon Supp.1993):

A written statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion.

. . . . .

No written statement made by an accused as a result of custodial interrogation (while the accused was in jail or other place of confinement or in the custody of a peace officer) is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning;

(5) he has the right to terminate the interview at any time.

(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the

rights set out in the warning prescribed above.

So in this case, if you find from the evidence, or if you have a reasonable doubt thereof, that prior to the time the defendant gave the alleged statement to J.D. Thorpe, if he did give it, the said J.D. Thorpe did not warn the defendant in the respects outlined above, or as to any one of such requirements, then you will wholly disregard the alleged statement and not consider it for any purpose; if however, you find beyond a reasonable doubt that the aforementioned warning was given the defendant prior to his having made such statement, if he did make it, still, before you may consider such statement as evidence in this case, you must find from the evidence beyond a reasonable doubt that prior to and during such statement, if any, the defendant knowingly, intelligently and voluntarily waived the rights hereinabove set out in the said warning, and unless you so find, or if you have a reasonable doubt thereof, you will not consider the statement for any purpose.

Appellant objected that while the charge set out the law, there was no application of the law to the facts of the case. Appellant requested an additional paragraph to inform the jury:

> [I]f you find from [the] evidence or if you have a reasonable doubt thereof, that the statement was made involuntarily or with compulsion or persuasion, then you may not consider that evidence against [Appellant], . . . .

As further explanation, defense counsel stated, "[a]ll I'm asking for is that the jury be given a similar instruction to the application of the law [as that given with regard to warnings] in regard to whether the statement was freely and voluntarily made without compulsion or persuasion." Nevertheless, the trial court denied defendant's request.

1. We are unable to reconcile this line of authority with that upon which the State relies, *Moon v. State*, 607 S.W.2d 569, 570 (Tex.Crim.App.1980).

## MANDATORY INSTRUCTION

█ The terms of Article 38.23 are mandatory, and when an issue of fact is raised as to compulsion or persuasion in obtaining a confession, a defendant has a statutory right to have the jury charged accordingly. The only question is whether under the facts of a particular case, defendant raised the issue by the evidence, thus requiring the jury instruction. *Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim.App. 1986); *Murphy*, 640 S.W.2d at 299; *Jordan v. State*, 562 S.W.2d 472, 473 (Tex.Crim. App.1978).[1] Here, defendant's father testified that the police threatened his son that if Michael Patterson did not take responsibility for the Mercedes' theft, they would charge the elder Mr. Patterson with the crime. This evidence was enough to place the legality of defendant's statement at issue. Defense counsel was correct in pointing out to the court that an instruction under Article 38.23 was necessary, and the trial court erred in refusing to give it.

█ The State argues that the charge was adequate because it instructed the jury, under Article 38.21, that the written statement could be used only if it was freely and voluntarily given. *Moon v. State*, 607 S.W.2d 569, 570 (Tex.Crim.App. 1980). We disagree. The jury charge as given here provided the jury no guidance as to which party bore the burden of proving the legality of the statement, nor as to the standard of proof it should apply in deciding whether to consider the statement or refuse to consider it. The jury was not told that the State bore the burden of proving voluntariness, rather than the defendant bearing the burden of proving compulsion or persuasion. Further, the jury was not told that they should apply the beyond a reasonable doubt standard, rather than some lesser criterion, in determining whether defendant's statement was legally obtained. For that reason, the charge as given was not adequate to protect defendant's rights.

We believe, however, that the clear language of the statute requires the result we reach here.

Finally, we note that our decision here is in line with this Court's recent decision in *Morales v. State*, 838 S.W.2d 272 (Tex. App.—El Paso 1992, pet. granted). There, we reversed a case where the trial court did not admonish a criminal defendant on the immigration consequences of her guilty plea, contrary to the mandatory language of Tex.Code Crim.Pro.Ann. art. 26.13(a)(4). We held there that it is safer to believe that the legislature intended such admonishments to apply to *all defendants*, assuming it is material to everyone, rather than presuming the admonition is immaterial unless the defendant can show otherwise.

Here, although we are faced with a different set of facts, and a different mandatory statute, we apply the same logic. The language of Article 38.23 is mandatory, and is required for *all defendants* who raise the issue of a confession's legality. We believe the legislature meant what it said when it wrote the statute. We decline to presume that the trial court's instruction on *other* safeguards sufficiently protected defendant's right not to have a confession obtained by threat or coercion used against him. It is a simple matter for the trial court to give the required instruction; the constitutional rights at stake, on the other hand, are of vital importance to our criminal law. For these reasons, we hold that failure to give the requested instruction was error.

### HARM ANALYSIS

 Under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984), if defendant timely objected to error in the jury charge, as here, we must reverse if there was "some harm" to the accused resulting from the error. In deciding whether there was some harm, we must assay the degree of harm by considering the entire charge, the state of the evidence, argument of counsel and any other relevant information revealed by the record of the trial as a whole.

 Here, the only evidence linking defendant Michael Patterson to the stolen Mercedes automobile was his confession and the car's simple physical presence at the house where his arrest warrant was served. Physical presence of the car, however, would equally implicate Patterson's father, and an apparently large number of other visitors at the house that day. Without the confession, it is doubtful that the State could have obtained a conviction. An instruction on the legality of the means used to obtain it, therefore, was crucial to protect defendant's rights.

Further, at one point in their deliberations, the jury sent the court a note requesting:

> Please offer an explanation for the terms "persuasion" and "compulsion" relative to reasonable doubt in accepting a confession.

From this, we can infer that the jury was concerned about the very matter at issue here: that is, whether the arresting officers' conduct was persuasion or compulsion. That the jury found this problematic is a further sign that some harm resulted from the trial court's error.

We sustain Point of Error Number One.

### CONCLUSION

 Where any issue on the legality of the means used to obtain a confession is raised, an instruction under Tex.Code Crim. Pro.Ann. art. 38.23 is mandatory, and its omission is error. If that error is harmful under the *Almanza* test, the conviction must be reversed.

Because of our disposition of Point of Error Number One, we need not reach defendant Patterson's remaining points. We reverse the conviction and remand to the trial court for a new trial.