**Jose Theodore MORENO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–94–00261–CR.**

Court of Appeals of Texas,
El Paso.

Feb. 8, 1996.

Gary A. Udashen, Milner Lobel Goranson Sorrels Udashen & Wells, Dallas, for Appellant.

John Vance, Criminal District Attorney, Dallas, for State.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

The appellant, Jose Moreno, Jr., was tried by a jury and convicted of possession with intent to deliver cocaine. Moreno pleaded true to an enhancement paragraph and was sentenced by the court to twenty-five years' confinement. In five points of error, Moreno asserts that the trial court erred in overruling his objection to the jury charge on the issue of consent to search and in denying his motion to suppress contesting the validity of the consent, and the scope of the search. We reverse and remand.

### FACTS

On January 22, 1993, federal law enforcement officials were maintaining surveillance over a Dallas County residence at which a federal fugitive, Sammy Hermenez, was alleged to be staying. The residence was leased by Moreno. The house was under surveillance for several hours, during which officers observed apparent drug trafficking activities. Officers also observed an individual, later identified as Moreno, exit the back door of the residence, go to a wood pile located by the garage, and then return to the house. In the early afternoon, the officers approached the house to attempt to execute the arrest warrant for Hermenez. The front door of the home was standing open and Hermenez was observed through the screen door. The officers entered the house to arrest him.

Following the arrest of Hermenez, Agent David McReynolds obtained consent to search the house from Elisa Alonzo, Moreno's girlfriend. Ten small plastic bags containing a total of 1.67 grams of cocaine were recovered from under the wood pile. Moreno was arrested.

### Article 38.23 Instruction

■ In his first point of error, Moreno contends that the trial court erroneously charged the jury under article 38.23(a) of the Code of Criminal Procedure. Article 38.23 requires the trial court to instruct the jury to

disregard evidence used against the defendant at trial if the jury believes or has a reasonable doubt that the evidence was obtained in violation of a defendant's constitutional rights.[1] When a fact issue is raised concerning the validity of consent to a search, the defendant has a statutory right to have the jury charged on the issue. *See Stone v. State,* 703 S.W.2d 652, 655 (Tex. Crim.App.1986).

■ At trial, Agent McReynolds testified that Alonzo, in response to questioning, stated that she lived in the house and volunteered that she was pregnant by Moreno. McReynolds further testified that Alonzo was cooperative and freely consented to a search of the premises. Although agreeing that she consented to the search, Alonzo denied having said she lived in the house. Alonzo testified that when an officer asked who lived in the house she said that her boyfriend (Moreno) lived there but that she did not. She further testified that she did not live with Moreno in the house but rather shared an apartment with her parents. An apartment lease listing Elisa Alonzo as a tenant for that time period was admitted into evidence. Alonzo testified that her clothing was kept in the apartment where she lived with her parents and that she had a key to that apartment. She also testified that she did not keep clothing at Moreno's house and did not have a key to his house.

This conflicting testimony raised a question about Alonzo's authority to consent to the search of Moreno's home, and thus the trial court was required to instruct the jury pursuant to article 38.23. *See id.* The charge in this case included the following instruction:

> You are instructed that under our law as applicable to this case any search of the premises of the defendant without a search warrant, or voluntary consent of the defendant, to search, either written or oral, or

any combination thereof, would not be lawful. However, you are further instructed that consent, on behalf of the defendant, to search may be given by a third party who possesses common authority, or joint use, or other sufficient relationship to the property to grant consent.

> In the event you fail to find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof; that consent to the search of the said premises was voluntarily and understandingly given, either orally or in writing, or in any combination thereof, then such search would be unlawful and you will disregard the same and any evidence obtained as a result thereof and say by your verdict 'not guilty.'

At trial, both sides objected to this instruction, arguing that the ultimate issue was Alonzo's authority to consent, and not the voluntariness of her consent. The state requested an instruction on apparent authority. Moreno requested an instruction applying the law of authority to consent to the facts. The trial court denied both requests.

On appeal, Moreno contends that the charge was incomplete because it failed to instruct the jury on the correct mandatory application of the law of authority to consent to the facts. The state contends, however, that the charge was adequate. Specifically, the state argues that the charge, read as a whole, instructed the jury that if it found that Alonzo had no authority to consent to the search, her consent would not then be voluntary and the jury would be required to disregard the evidence obtained during the search. The state essentially argues that authority to consent is subsumed by the issue of voluntariness of consent. We do not agree.

The terms of article 38.23 are mandatory, and when a fact issue is raised about the validity of consent to a search, the defendant

---

1. Article 38.23 provides in part:

   (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

   In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this article, then and in such event, the jury shall disregard any such evidence so obtained. TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1996).

has a statutory right to have the jury charged accordingly. *See Patterson v. State,* 847 S.W.2d 349, 352 (Tex.App.—El Paso 1993, pet. ref'd). The trial court must provide the jury not only with abstract statements of the applicable law, but must also clearly apply the law the very facts of the case. *Riley v. State,* 830 S.W.2d 584, 586–87 (Tex.Crim.App.1992); *Chubb v. State,* 821 S.W.2d 298, 301 (Tex.App.—Corpus Christi 1991, pet. ref'd); *Davis v. State,* 905 S.W.2d 655, 663 (Tex.App.—Texarkana 1995, pet. ref'd). In this case, the jury was instructed in the abstract on two separate issues: (1) voluntariness of consent, and (2) authority to consent. The charge, however, instructed the jury solely on the application of the legal concept of voluntariness to the facts of the case. The court did not instruct the jury on the proper application of the law of authority to consent to the facts of the case. It did not ask the jury to resolve the disputed fact issues that either justify or invalidate the officers' conduct. Therefore, the charge was defective. *See Davis,* 905 S.W.2d at 663.

### *Harm Analysis*

■ If a defendant timely objected to the jury charge, as here, we must reverse if there was "some harm" to the accused resulting from the error. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). If properly instructed, the jury would have been required to disregard the evidence, namely the cocaine, obtained during the search if it believed that Alonzo had no authority to consent to the search of the house. In the absence of that evidence, the state could not have obtained the conviction. This is a sufficient showing of harm. *See Patterson,* 847 S.W.2d at 353.

### *CONCLUSION*

We reverse the conviction and remand to the trial court for a new trial. Because of our disposition of Point of Error One, we need not reach Moreno's remaining points.