of Nanim's trial. *See, e.g.*, *Shannon v. State*, 942 S.W.2d 591, 597-98 (Tex. Crim. App. 1996) (prosecutor's comment that defendant was sociopath held cured by prompt instruction to disregard); *Norris v. State*, 902 S.W.2d 428, 442-43 (Tex. Crim. App. 1995) (prompt instruction cured prosecution's use of word "extortion" in reference to defense counsel's jury argument in capital case). The court's curative instruction is presumed to remove from the jury's consideration any evidence of the plea negotiations. *See Bauder*, 921 S.W.2d at 700. We overrule Nanim's point of error as it pertains to the prosecutor's first comment.

We conclude that the prosecutor's second and third comments complained about by Nanim also do not require reversal. Among the well-established categories for proper jury argument is a plea for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990). A proper plea for law enforcement may take many forms, one of which is to argue the relationship between the jury's verdict and the deterrence of crime in general. *Id.* Appellate courts have upheld arguments that probation is an inappropriate punishment for certain offenses. *Lugo v. State*, 732 S.W.2d 662, 664 (Tex. App.—Corpus Christi 1987, no pet.). Here, the prosecutor told the jury that, in his opinion, Nanim had demonstrated a lack of respect for the judicial system and was a poor candidate for probation. The State contends this was a proper plea for law enforcement. In making that argument, the prosecutor explained to the jury how his reasoning had changed over the course of the trial, including his initial satisfaction with the time Nanim had previously spent in jail and his subsequent change of opinion after evaluating the evidence presented at trial. The error, if any, was followed immediately by the court's instruction to disregard.

6

## CONCLUSION

We fail to find that the State's references to the time Nanim served in jail and plea-bargain negotiations, promptly corrected by the trial court, were so inflammatory that their prejudicial effect was not reasonably cured by judicial instruction to disregard. Because we have found the curative instruction to be effective, it is not necessary to decide whether the argument had a substantial and injurious effect or influence on the jury's verdict. We hold that the trial court did not err in denying the motion for mistrial and affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: March 18, 2004

Do Not Publish

7