David E. PEREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 51813.

Court of Criminal Appeals of Texas.

June 9, 1976.

Thomas Rocha, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., E. Dickinson Ryman, Gus E. Wilcox and Susan Spruce, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted by a jury for burglary under the former Penal Code. The punishment, enhanced under Art. 62, Vernon's Ann.P.C., was assessed by the court at twelve (12) years.

We are confronted at the outset with fundamental error in the court's charge which must be reviewed in the interest of justice. Art. 40.09(13), Vernon's Ann.C.C.P. *Harris v. State*, 522 S.W.2d 199, 202 (Tex. Cr.App.1975).

The first paragraph of the charge states that the appellant stands accused of burglary with intent to commit theft, alleged to have been committed in Bexar County, Texas, on or about August 9, 1973. The appellant's plea of not guilty is then noted.

The charge then defines "burglary," "breaking," "house," "entry into a house," and "theft." The charge instructs the jury that the entry must be proved, beyond a reasonable doubt, to have been made with the intent to commit theft. The jury is then instructed that the ownership of the property may be alleged either in the owner of the property or in one having care, custody, and control of the property.

The charge next tells the jury that the indictment is not evidence of guilt, that matters not in evidence are not to be considered during the jury's deliberations, that a foreman is to be chosen as soon as the jury retires, that the jurors are the exclusive judges of the facts, even though they must receive the law from the court, and that the burden of proof is on the State beyond a reasonable doubt.

The charge then instructs the jury generally on the law of circumstantial evidence and on the right of the appellant not to testify.

Finally, the charge notes, over the signature of the trial judge, that suitable verdict forms are attached to the charge.

The foregoing summary makes clear that the charge totally fails to apply the law of burglary to the facts of this case. The jurors were not instructed under what circumstances they should convict or acquit the appellant. This error goes to the very basis of the case and requires reversal. See *Harris v. State*, supra (and authorities there cited), which establishes this to be a rule of many years' standing in this Court.

Accordingly, the judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

Neither appellant nor his counsel complains of the court's charge upon which this case is reversed. A brief by appellant's counsel admits that the appeal is frivolous. The majority reverses this conviction on the grounds that the trial court did not apply the law to the facts of the case. In applying the law to the facts more specifically, the instruction in substance would have been that the jury must believe that on the 9th day of August, 1973, Perez entered the house of Gonzalez without his consent with intent to commit theft.

The indictment charged in substance as follows:

"DAVID E. PEREZ hereinafter called Defendant, on or about the 9th day of AUGUST, A.D., 1973, in the County and State aforesaid, did then and there unlawfully, by force, break and enter the house occupied and controlled by JOSEPH F. GONZALEZ, hereinafter called complainant, without the consent of the said complainant, and with the intent on the part of him the said defendant to then and there fraudulently take from said house corporeal personal property therein being, and belonging to the said complainant, from the possession of the said complainant, and without the consent of complainant and with the intent on the part of him the said defendant to deprive said complainant, the owner of said property of the value thereof, and to appropriate the same to the use and benefit of him the said defendant; . . ."

A prior conviction for felony theft was alleged for enhancement purposes.

Joseph F. Gonzalez testified that on August 9, 1973, someone without his permission broke into his residence in San Antonio and stole wedding gifts, clothing, rings and a radio. Fingerprints of appellant were taken from a silverware box which was located inside the house.

The following verdict was returned:

"We, the jury, find the Defendant, David E. Perez Guilty of the offense of *Burglary with Intent to Commit Theft, as charged in the indictment.* (Emphasis Supplied)

/s/ Otho L. Jordan, Jr.
FOREMAN"

The indictment was read to the jury. The jury knew that appellant was charged with the burglary of the Gonzalez home from the indictment, the proof and the court's charge. No other, not even the prior, offense was mentioned before the jury.

Omitting formal and non-pertinent parts, the court submitted the following:

"CHARGE OF THE COURT

"The Defendant, David E. Perez, stands charged by indictment with the offense of Burglary with Intent to Commit Theft, alleged to have been committed in the County of Bexar and State of Texas on or about the 9th day of August, A.D., 1973. To this charge the Defendant has pleaded 'Not Guilty.'

"* * *

I.

"You are instructed that the offense of burglary is constituted by entering a house by force and breaking with the intent to commit the crime of theft. Further, you are instructed that burglary is constituted when one, with the intent to commit theft, by breaking, enters a house in the daytime.

II.

"By the term 'breaking' is meant that the entry must be made with actual force applied to the house; the slightest force, however, is sufficient to constitute breaking.

"* * *

IV.

"By the term 'entry into a house' is meant every kind of entry but one made with the free consent of the occupant or one authorized to give such consent.

V.

" 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, and with the intent to deprive the owner of the value of the same and appropriate it to the use and benefit of the party taking.

VI.

"*You are further instructed that the indictment in this case having charged that the burglarious entry was made with the intent to commit the crime of theft, before you would be warranted in finding a verdict of guilty you must be satisfied from the evidence, beyond a reasonable doubt, that the entry, if any, was made with the intent to commit the crime of theft.*" (Emphasis Supplied)

The court also gave the usual instruction on circumstantial evidence as follows:

"You are instructed that in this case the State relies upon circumstantial evidence for a conviction.

"In order to warrant a conviction of a crime on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence, beyond a reasonable doubt; all the facts (that is, the facts necessary to the conclusion) must be consistent with each other and, taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion and producing, in effect, a reasonable and moral certainty that the accused, acting alone or as a principal with another or others, committed the offense charged.

"But in such cases it is not sufficient that the circumstances coincide with, account for, and therefore render probable the guilt of the defendant. They must exclude, to a moral certainty, every other reasonable hypothesis except the defendant's guilt; and unless they do so, beyond a reasonable doubt, you will find the defendant 'not guilty.' "

The instructions to the jury refer to the offense charged in several places. The jury knew what offense he was charged with and found him guilty of that offense. No objection was made to the court's charge and no injury has been shown to appellant.

No complaint has been made about the charge. Even though the court should have applied the law to the facts more specifically the failure does not present reversible error in this case under Article 36.19, V.A.C. C.P. This charge taken as a whole substantially applies the law to the facts.

*Harris v. State,* 522 S.W.2d 199 (Tex.Cr. App.1975), is relied upon by the majority. If that case is authority for reversal it should be overruled. A past mistake on the part of the Court is not a justification for committing the same mistake again. A court-made rule can be changed by that court. There is no probability that the jury did not know for what offense they returned the verdict.

As stated by appellant in his brief, the appeal is frivolous. The judgment should be affirmed.