Jimmie Lee WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 52335.

Court of Criminal Appeals of Texas.

Feb. 16, 1977.

Rehearing Denied March 9, 1977.

Dan J. Anderson, Richardson, court appointed on appeal only, for appellant.

Henry Wade, Dist. Atty., Gary M. Love, Stephen P. Tokoly and Braden W. Sparks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder under the former Penal Code; punishment was assessed at life.

We find unassigned error that must be considered in the interest of justice. Art. 40.09(13), V.A.C.C.P.

The charge to the jury utterly failed to apply the law to the facts of the case.[1] In *Harris v. State*, Tex.Cr.App., 522 S.W.2d 199 and *Perez v. State*, Tex.Cr.App., 537 S.W.2d 455, we held such error to be fundamental. We reaffirm those holdings and take this opportunity to further elaborate upon the reasons why this is the law.

▮ There was no objection to the charge for its failure to apply the law to the facts. The Code of Criminal Procedure provides that in such situations:

". . . the judgment shall not be reversed unless the error appearing from the record was calculated to injure the

---

1. The jury charge recited the allegations of the indictment and gave abstract instructions on the law of murder, malice aforethought and accomplice witness testimony, and then charged:

"Now if you believe from the evidence beyond a reasonable doubt that an offense was committed as charged, [note that the law is not applied to the facts of the case] and you further believe from the evidence that the witness, Joseph Goodson, was an accomplice, or you have a reasonable doubt as to whether he was or not, as that term is defined in the foregoing instructions then you cannot convict the defendant upon the testimony of the said Joseph Goodson unless you first believe that his testimony is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant unless you further believe that there is other evidence in the case, outside of the evidence of the said Joseph Goodson, tending to connect the defendant with the commission of the offense charged in the indictment, and such corroboration is not sufficient if it merely shows the commission of an offense."

The remainder of the charge consisted of instructions that the indictment is no evidence of guilt, to avoid injection of personal knowledge, on selection of a foreman, that the jury is the exclusive judge of facts to be proven and of matters of credibility and weight of the evidence, of appellant's privilege not to testify, on the burden of proof, and on the use of verdict forms.

rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." Art. 36.19, V.A.C.C.P.

Applying this provision to the failure of the trial court to apply the law to the facts of the case in its charge to the jury, we find that this error was calculated to injure the rights of appellant and that he was deprived of a fair and impartial trial for the following reasons.

■■ The law must come from the court, the facts must be decided by the jury, and the charge, to instruct the jury properly, must apply the law to the facts raised by the evidence. It is not sufficient for the jury to receive an abstract instruction on the law and then to render a verdict according to a general conclusion on whether the law has been violated. The State must prove its case beyond a reasonable doubt and must prove each element of the offense charged. This is the very basis of the case. The prosecutor as advocate for the State's position may emphasize some elements in his argument and defense counsel as advocate for the accused may emphasize others in his argument, but the court is the only neutral source to which the jury may look for an unbiased application of the law to the facts of the case. An abstract charge does not inform the jury of what facts, if found by it, would constitute proof of the elements of the offense.

■■ A juror is not allowed to impeach his own verdict, and, although jury misconduct may be discovered and proven only by one in a position to know the facts, those with knowledge are properly privileged to decline to discuss the deliberations with anyone. This confidential character of the jury deliberation process, designed to insure the free exchange of viewpoints during that process, is essential to the jury system of criminal justice. However, this confidential character also requires that the members of the jury, before deliberations, receive proper instructions regarding the performance of their civic duty. To allow the jury to receive an application of the law to the facts only from the partisan advocates without a neutral and unbiased instruction on that matter in the charge is to risk the degeneration of trial by jury to a debating contest, where the persuasiveness of competing applications of the law to the facts determines guilt or innocence. There should be but one controlling application of the law to the facts, and that application should come from the court. Its absence impairs the right to trial by jury and, therefore, by definition, is "calculated to injure the rights of defendant," (Art. 36.19, supra) to a trial by jury.

■■ It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and to prevent confusion. A charge that does not apply the law to the facts fails to lead the jury to the threshold of its duty: to decide those fact issues. A charge that leaves application of the law to the facts solely in the hands of the partisan advocates does not guard against the confusion that such partisan claims inspire. Because a charge should affirmatively lead and dispel confusion, and because a charge that does not apply the law to the facts fails to give such guidance, error of this character should remain the subject of a per se rule. Furthermore, the per se rule of *Harris* and *Perez,* both supra, is not only fully justified, but also has its ease of understandability and application to commend itself for a permanent place in our jurisprudence.

Finding fundamental reversible error in the court's charge to the jury, we reverse the judgment and remand the cause.

DOUGLAS, Judge, dissenting.

The majority reverses this conviction on the ground that there was fundamental error in the court's charge. There was no objection to the court's charge before the trial court or before this Court. No harm is shown to the appellant. There is no showing that he was misled in any way by the court's charge or that the jury did not know what he was charged with.

The indictment charges in substance that "Jimmie Lee Williams, hereinafter styled

the Defendant, on or about the 18th day of September in the year of our Lord One Thousand Nine Hundred and seventy-two in the County and State aforesaid, did unlawfully, and voluntarily with malice aforethought kill, Charley D. Sellars, by shooting him with a gun. . . ."

Appellant was hired to kill Charley D. Sellars.

At approximately 11:30 on the morning of September 18, 1972, Sellars, the deceased, was found dead in his pickup truck less than one mile from his place of employment at the National Aerospace Company in Mesquite. Death resulted from three gunshot wounds from a .38 caliber pistol fired at close range. The evidence showed that there was an agreement between Andrew Jacobson, owner of New Delaware Leasing Company, which leased tractors and trailers to the National Aerospace Company, and appellant. Jacobson offered to pay appellant $1,000 to kill Sellars and personally furnished the murder weapon and the ammunition. After the murder appellant told his brother, James Archie Williams, and Joseph Goodson that Jacobson had offered him $1,000 to kill Sellars and that he in fact did kill him. The evidence is more than sufficient to show murder.

There is no question about it. The indictment was for murder; the evidence proved murder. There is no indication that any other crime was charged or submitted to the jury.

The court's charge to the jury, which the majority of this Court, on its own, says harmed the appellant (even though there has been no such claim until this day), is sufficient to inform the jury that the appellant was indicted for murder, that it had to find facts showing him to be guilty of murder.

The charge, omitting some formal parts, reads as follows:

"*CHARGE OF THE COURT*

"MEMBERS OF THE JURY:

"In this case the defendant, Jimmie Lee Williams, stands charged by indictment with the murder of Charlie D. Sellars, by shooting him with a gun, alleged to have occurred in the County of Dallas and State of Texas on or about the 18th day of September, A.D., 1972. To this charge the defendant has pleaded 'Not Guilty.'

"I give you the law applicable to this case as follows:

"I

"Whoever shall voluntarily kill any person within this State shall be guilty of murder. Murder is distinguishable from every other species of homicide by the absence of circumstances which reduce the offense to negligent homicide or which excuse or justify the killing.

"II

" 'Malice aforethought' is the voluntary and intentional doing of an unlawful act by one of sound memory and discretion with the purpose, means and ability to accomplish the reasonable and probable consequences of the act. 'Malice aforethought' includes all those states of mind under which the killing of a person takes place without any cause which will in law justify, excuse or extenuate the homicide. It is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from the acts committed or words spoken. You are charged in connection with the definition of malice, as heretofore given you in the charge of the Court, that no definite space of time need necessarily intervene between the formed design to kill and the killing; a single moment of time being sufficient.

"III

"A conviction cannot be had upon the testimony of an accomplice, unless the jury first believe that the accomplice's evidence is true and it shows the defendant is guilty of the offense charged against him; and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged. The corroboration is not suffi-

cient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.

"An 'accomplice,' as used herein, means any one connected with the crime charged, either as a principal, accomplice or accessory. It includes any person or persons who are connected with the crime by an unlawful act or omission on their part, transpiring either before, at the time of, or after the commission of the crime and whether or not they were present and participated in the commission of the crime.

"IV

"Now if you believe from the evidence beyond a reasonable doubt that an offense was committed as charged, and you further believe from the evidence that the witness, Joseph Goodson, was an accomplice, or you have a reasonable doubt as to whether he was or not, as that term is defined in the foregoing instructions then you cannot convict the defendant upon the testimony of the said Joseph Goodson unless you first believe that his testimony is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant unless you further believe that there is other evidence in the case, outside of the evidence of the said Joseph Goodson, tending to connect the defendant with the commission of the offense charged in the indictment, and such corroboration is not sufficient if it merely shows the commission of an offense.

"You are further instructed that an accomplice witness maybe corroborated by either direct or circumstantial evidence or both."

The verdict of the jury as to guilt is:

"We, the Jury, find the Defendant guilty of the offense of murder with malice aforethought, as charged in the indictment."

The verdict as to the punishment is as follows:

"We, the Jury, having found the Defendant guilty of murder with malice aforethought set his punishment at confinement in the Texas Department of Corrections for life."

Even though the court could have applied the law to the facts more specifically, the failure to do so does not constitute reversible error. Article 36.19, V.A.C.C.P., concerning errors in the court's charge provides, in part:

". . . The judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. . ."

The Legislature has provided under this statute that the error in this case would be harmless. Appellant and the jury knew that he was charged by indictment with murder. The proof showed that he was guilty of murder. The charge referred to the indictment as murder. The court required the jury to find him guilty of committing murder as charged in the indictment as defined in the court's charge.

The majority should follow the mandate of the Legislature. There is no indication that appellant did not receive a fair trial. There is no complaint by him or his counsel that he did not receive a fair trial because of the court's charge. There is seldom an error-free trial and it is the duty of this Court to pass upon errors to see if they are reversible, not to reverse just because there might be some immaterial error during the trial. Trial judges should be given an opportunity to make corrections in the charge if a defendant thinks that he is being harmed or that the jury might be misled by the charges submitted. See the dissenting opinion in *Perez v. State,* 537 S.W.2d 455 (Tex.Cr.App.1976).

If the majority will indicate or even hint how the jury might have been misled or how appellant might have been harmed in any way, this opinion will be withdrawn.

No reversible error has been shown. The judgment should not be reversed.

PHILLIPS, J., joins in this dissent.