NO. 07-05-0380-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 14, 2006
_____

ELDRIDGE LAVON SHIVERS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,314-A; HONORABLE HAL MINER, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Eldridge Lavon Shivers, Jr., appeals his conviction for robbery and his punishment, enhanced by two prior felony convictions, of 80 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant contends that the trial court committed reversible error by not properly applying the law of parties to the facts of the case in the charge. We affirm.

## Factual and Procedural Background

On July 1, 2005, the victim, Charles Daniel Cook, was approached by a man, subsequently identified as appellant. The victim alleged that appellant placed a sharp object in his back and demanded his money. While the victim was attempting to talk to appellant, another individual arrived at the side of the victim and placed a hard object against his back. This second individual advised the victim that he had a gun and demanded the victim's money. The victim gave the assailants $200. The victim went to his motel room and called 911. After describing the events to the police, the victim was called to another motel where he positively identified appellant, who had been detained by the police, as the man that had placed the sharp object in his back. The second individual was never identified.

Appellant was indicted for aggravated robbery, but was convicted of the lesser included offense of robbery. The trial court submitted the question of appellant's guilt both as the principal actor and as a party to the offense. Appellant contends that the court's charge does not properly apply the law of parties to the facts of the case.

## Analysis

When an appellant objects to the court's charge, our first inquiry is whether there is any error in the charge as presented to the jury. Hutch v. State, 922 S.W.2d 166, 170 (Tex.Crim.App. 1996).

In the charge submitted to the jury, the trial court defined robbery and its elements. There was no objection to the court's definition of the *mens rea* and the concept of criminal responsibility, pursuant to the Texas Penal Code. TEX. PEN. CODE ANN. §§ 6.03, 7.01-.02 (Vernon 2005). As appellant was convicted of the lesser included offense of robbery, the application paragraph for robbery, both as primary actor and as party, are set forth as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 1st day of July, 2005, in Potter County, Texas, the defendant, ELRIDGE LAVON SHIVERS, JR., did then and there, while in the course of committing theft of property, to-wit: good and lawful United States currency, with the intent to obtain or maintain control of said property, did intentionally or knowingly threaten or place Charles Cook in fear of imminent bodily injury or death; or

> if you find from the evidence beyond a reasonable doubt, that on or about the 1st day of July, 2005, in Potter County, Texas, an unknown person, did then and there, while in the course of committing theft of property, to-wit: good and lawful United States currency, and with intent to obtain or maintain control of said property, did intentionally or knowingly threaten or place Charles Cook in fear of imminent bodily injury or death and if you further believe from the evidence beyond a reasonable doubt that on said date in said County and State, the defendant, ELRIDGE LAVON SHIVERS, JR., as a party as that term is hereinbefore defined, solicited, encouraged, directed, aided or attempted to aid the said unknown person in the foregoing action by threatening the said Charles Cook with bodily injury, you will find the said ELDRIDGE LAVON SHIVERS, JR. guilty of Robbery as charged in the indictment.

However, appellant did object to the application paragraph of the court's charge, as set out above. Appellant contends that this application paragraph is nothing more than an abstract recitation of the law and should have been tailored to the facts of the case. The appellant is, however, mistaken in his belief that the referenced charge has not been sufficiently tailored to the facts of the case.

In determining whether an application paragraph is specifically tailored to the facts of the case, the evidence must be reviewed to determine whether the charge applies the law to the facts raised by the evidence. See Williams v. State, 547 S.W.2d 18, 20 (Tex.Crim.App. 1977). In other words, does the charge inform the jury of what facts would constitute proof of the elements of the charged offense. See id.

The record reveals that the victim testified that appellant was the person who placed the sharp object into his side and demanded his money. However, during cross-examination, the victim admitted that the police incident report's description of the person who placed the sharp object into his side did not match appellant, and, in fact, was closer to the description of the unknown assailant.

The victim testified that the person who did not threaten him with the sharp object threatened him by claiming to have a gun. When this evidence is viewed as a part of the entire record, the following becomes clear: one actor physically threatened the victim with imminent bodily injury and demanded money and a second actor expressed a verbal threat and also demanded money. Therefore, the issue of the status of appellant, as the principal actor or as a party, was squarely before the jury.

Appellant claims that the specific threat, by which we assume he means the specific language used, should have been included in the application paragraph. However, appellant does not cite us any cases where this type of charge has been required or approved. In reviewing the law of charges and, specifically the requirement that the application paragraph fit the facts of the case, charges similar to the charge given in this

4

case have been approved by the Texas Court of Criminal Appeals and Texas Courts of Appeals. See Davis v. State, 651 S.W.2d 787, 792 (Tex.Crim.App. 1983); Woods v. State, 749 S.W.2d 246, 247-48 (Tex.App.–Fort Worth 1988, no writ) (reversed for failure to give requested application paragraph containing general allegation of encouraging principal actor with intent to promote or assist the offense of aggravated robbery). Accordingly, we conclude that the charge presented to the jury properly applied the law to the evidence presented in the case and was, therefore, not error.

Conclusion

Having determined there was no error in the court's charge, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.

5