Affirmed and Memorandum Opinion filed September 30, 2008








Affirmed and Memorandum Opinion filed September 30, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00512-CR

____________

 

JOHN P. CHANCE, Chance

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 5487

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted John P. Chance of speeding in a
construction zone with workers present and assessed a $200.00 fine.  Chance
challenges the legal sufficiency of the evidence supporting the doubling of his
fine.  We affirm.








At around 8:20 on the morning of August 25, 2005, Chance
was driving south on Sherwood Forest Street.  He came to a stop where Sherwood
Forest intersects the Katy Freeway North Service Road, turned right, and then
proceeded west onto the Katy Freeway North Service Road.  Chance increased his
speed and a Houston police officer stopped and cited Chance for speeding in a
construction zone with workers present.  

At the time of his citation, the portion of the Katy
Freeway North Service Road traveled by Chance was under construction.  The
officer who cited Chance testified that there were traffic signs on both sides
of the freeway indicating that it was a construction zone.  Specifically, the
officer testified that traffic signs were located Aat Sherwood
Forest, after Sherwood Forest, and North Kirkwood, and along the freeway.@  These signs
indicated that there was a construction zone ahead; that the construction zone
was 1000 feet long; and that the speed limit was 35 miles per hour with workers
present.  Additionally, the officer testified that there was construction
equipment located along the freeway, and that construction workers were present
east of Sherwood Forest, approximately 500 feet away.  Using his laser
speed-detection device, the officer determined that Chance was traveling at a
speed of 51 miles per hour.  Chance returned to the scene with a camera an hour
after receiving his citation.  He took a photograph of the portion of the
construction zone where he was cited for speeding.  At trial, Chance testified
that there were no workers present in the portion of the construction zone
where he was driving. 

A Houston municipal court tried the case to a jury on
November 13, 2006.  The jury found Chance guilty and assessed a fine of
$200.00.  After the guilty verdict, Chance filed a Motion for Acquittal,
Arrested Judgment, or Judgment Notwithstanding the Verdict.  The motion was
overruled.  Chance then filed a motion for new trial on November 16, 2006,
which was denied on November 22, 2006.  Chance filed a notice of appeal to
county court and an appeal bond on December 1, 2006.  The County Criminal Court
at Law No. 11 issued an opinion affirming the judgment of the trial court on
May 22, 2007.  Chance filed a notice of appeal to the court of appeals on June
15, 2007.  








In his sole point of error, Chance contends that the
evidence is legally insufficient to support the doubling of his fine under the
statutory enhancement.  Evidence is legally insufficient if, when viewed in a
light most favorable to the verdict, a rational jury could not have found each
element of the offense beyond a reasonable doubt. Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000).  If any rational trier of fact could
have found the crime=s essential elements beyond a reasonable
doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App. 1997). We do not resolve any conflict of fact, weigh any evidence, or
evaluate any witness=s credibility, as this was the function of
the trier of fact.  See Wesbrook, 29 S.W.3d at 111; Adelman v. State,
828 S.W.2d 418, 421 (Tex. Crim. App. 1992).  The jury may choose to believe or
disbelieve any portion of the witnesses= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Bargas v. State,
252 S.W.3d 876, 887 (Tex.  App._Houston [14th Dist.] 2008, no pet.).  When
faced with conflicting evidence, we presume that the trier of fact resolved
conflicts in the prevailing party=s favor.  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.  1999); Bargas, 252
S.W.3d at 887.  We may overturn the verdict only if it is irrational or
unsupported by proof beyond a reasonable doubt.  Bargas, 252 S.W.3d at
887.  








Under the Texas Transportation Code, a driver risks doubled
fines when the driver speeds in Aa construction or
maintenance work zone when workers are present[,]@ and receives a Awritten notice to
appear issued for the offense [which] states on its face that workers were
present when the offense was committed.@  Tex. Transp.
Code Ann. ' 542.404(a) (Vernon Supp. 2008).  Chance does not
contest that he was speeding in a construction zone; that workers were present
somewhere within the construction zone; or that he received a citation
indicating on its face that workers were present when the offense was
committed.  Chance argues that the evidence is legally insufficient because no
workers were located along the particular section of the construction zone in
which he traveled.  Chance further asserts that  the phrase Aworkers present@ in section
542.404(a) is ambiguous and should require, at a minimum, that a worker
actually be located within the construction area; that such worker be in a zone
of potential danger created by a person=s driving; and
that such worker be visible to an ordinarily observant person.  We disagree.  

The language of section 542.404(a) is unambiguous.  The
plain language of the statute says that the applicable fine should be doubled
when an offense_here, speeding_is Acommitted in a
construction or maintenance work zone when workers are present.@   Id. ' 542.404(a).  When
a statute=s language is clear and unambiguous, it is
inappropriate to resort to rules of construction or extrinsic aids to construe
the language.  City of Rockwall v. Hughes, 246 S.W.3d 621, 626 (Tex.
2008).  Therefore, section 542.404(a) is not subject to the interpretation
suggested by Chance.  To add danger zone and visibility requirements to an
unambiguous statute would confuse and change its plain meaning. 

In his brief, Chance refers to the portion of the Texas
Transportation Code which provides that no provision requiring an official
traffic-control device can be enforced unless, at the time and place of the
alleged violation, the device is in the proper position and is sufficiently
legible to an ordinarily observant person.  Tex. Transp. Code. Ann. ' 544.004(b)
(Vernon 1999 & Supp. 2008).  Chance makes no contention that the traffic
signs describing the construction zone were misplaced or illegible.  Rather,
Chance asserts that Ain the context of 544.004, the >workers present= admonition
becomes operative when workers are in the proper position and sufficiently
legible (visible) to the ordinarily observant person.@  We disagree. 
Section 544.004 refers only to traffic control devices.  See id.  The
presence of workers is not a traffic control device, and the visibility of
workers is not a requirement necessary for enhancement under section
542.404(a).  See ' 542.404(a).  We decline Chance=s invitation to
modify the unambiguous language of section 542.404(a).








The trial testimony of both the citing officer and Chance
establishes that Chance was exceeding the posted speed limit.  Both witnesses
testified that Chance was driving through  a posted construction zone at the
time he was pulled over.  The citing officer testified that signs establishing
the zone, as well as the doubling of fines, were posted within Chance=s view at
appropriate intervals along the roadway.  Chance offered his photograph of the
construction zone into evidence as proof that there were no workers present. 
However, the photograph shows only one directional perspective of the
construction zone_facing west_and so does not depict the entire
construction zone.  Finally, the officer testified that there were workers
present within the construction zone.  Viewing this evidence in a light most
favorable to the verdict, we believe that a rational jury could have found each
element of the  enhancement beyond a reasonable doubt.

Chance also argues that the trial court violated the United
States Constitution by removing from the jury the assessment of facts that
increase the prescribed range of penalties to which Chance was exposed.  See
Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  During the
deliberations, the jury foreman submitted the following question to the court: ADoes >present= mean between the
start of the zone and the end of the zone, or the stretch of road traveled?@  The court
responded with the simple statement: Azone.@  Chance suggests
that a proper instruction would have been Athe workers have
to be in the presence of the area where the defendant drives.@  We disagree with
Chance=s characterization
of this exchange, and also with his suggested revision.








While the jury is the exclusive judge of the facts, it is
bound to receive the law from the court and to be governed by such law.  Abdnor
v. State, 871 S.W.2d 726, 731 (Tex.  Crim.  App. 1994); see also Tex.
Code Crim. Proc.  Ann.  art.  36.13 (Vernon 2007).  It is the court=s function to
provide the jury with an accurate statement of the law.  Abdor, 871
S.W.2d at 731; Williams v.  State, 547 S.W.2d 18, 20 (Tex. Crim.  App.
1977).  In this case, the trial court=s response to the
jury clarified a question of law.  Further, the trial court responded to the
jury=s question in
accordance with an unambiguous statute.  Further, the trial court responded to
the jury=s question in
accordance with an unambiguous statute.  AThe court is the
only neutral source to which the jury may look for an unbiased application of
the law to the facts of the case.@  Williams, 547
S.W.2d at 20.  The jury retained the power to decide whether or not Chance=s actions
qualified for the enhanced fine under the legal parameters of section
542.404(a), as defined by the court.  Consequently, the court did not remove a
fact issue from the jury.  We overrule Chance=s issue on
appeal.  

Based on the foregoing, we affirm the judgment of the trial
court.

 

 

/s/        Jeff
Brown

Justice

 

 

Judgment rendered and Memorandum Opinion filed
September 30, 2008.

Panel consists of Justices Yates, Anderson, and Brown.

Publish C Tex.
R. App. P. 47.2(b).