John P. CHANCE, Chance,

v.

The STATE of Texas, Appellee.

No. 14–07–00512–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 30, 2008.

Discretionary Review Refused Feb. 11, 2009.

John P. Chance, Houston, pro se.

Randy Zamora, Houston, for appellee.

Panel consists of Justices YATES, ANDERSON, and BROWN.

## MEMORANDUM OPINION

JEFF BROWN, Justice.

A jury convicted John P. Chance of speeding in a construction zone with workers present and assessed a $200.00 fine. Chance challenges the legal sufficiency of the evidence supporting the doubling of his fine. We affirm.

At around 8:20 on the morning of August 25, 2005, Chance was driving south on Sherwood Forest Street. He came to a stop where Sherwood Forest intersects the Katy Freeway North Service Road, turned right, and then proceeded west onto the Katy Freeway North Service Road. Chance increased his speed and a Houston police officer stopped and cited Chance for speeding in a construction zone with workers present.

At the time of his citation, the portion of the Katy Freeway North Service Road traveled by Chance was under construction. The officer who cited Chance testified that there were traffic signs on both sides of the freeway indicating that it was a construction zone. Specifically, the officer testified that traffic signs were located "at Sherwood Forest, after Sherwood Forest, and North Kirkwood, and along the freeway." These signs indicated that there was a construction zone ahead; that the construction zone was 1000 feet long; and that the speed limit was 35 miles per hour with workers present. Additionally, the officer testified that there was construction equipment located along the freeway, and that construction workers were present east of Sherwood Forest, approximately 500 feet away. Using his laser speed-detection device, the officer determined

that Chance was traveling at a speed of 51 miles per hour. Chance returned to the scene with a camera an hour after receiving his citation. He took a photograph of the portion of the construction zone where he was cited for speeding. At trial, Chance testified that there were no workers present in the portion of the construction zone where he was driving.

A Houston municipal court tried the case to a jury on November 13, 2006. The jury found Chance guilty and assessed a fine of $200.00. After the guilty verdict, Chance filed a Motion for Acquittal, Arrested Judgment, or Judgment Notwithstanding the Verdict. The motion was overruled. Chance then filed a motion for new trial on November 16, 2006, which was denied on November 22, 2006. Chance filed a notice of appeal to county court and an appeal bond on December 1, 2006. The County Criminal Court at Law No. 11 issued an opinion affirming the judgment of the trial court on May 22, 2007. Chance filed a notice of appeal to the court of appeals on June 15, 2007.

■ In his sole point of error, Chance contends that the evidence is legally insufficient to support the doubling of his fine under the statutory enhancement. Evidence is legally insufficient if, when viewed in a light most favorable to the verdict, a rational jury could not have found each element of the offense beyond a reasonable doubt. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App.2000). If any rational trier of fact could have found the crime's essential elements beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.1997). We do not resolve any conflict of fact, weigh any evidence, or evaluate any witness's credibility, as this was the function of the trier of fact. *See Wesbrook*, 29 S.W.3d at 111; *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992).

The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986); *Bargas v. State*, 252 S.W.3d 876, 887 (Tex.App.Houston [14th Dist.] 2008, no pet.). When faced with conflicting evidence, we presume that the trier of fact resolved conflicts in the prevailing party's favor. *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App.1999); *Bargas*, 252 S.W.3d at 887. We may overturn the verdict only if it is irrational or unsupported by proof beyond a reasonable doubt. *Bargas*, 252 S.W.3d at 887.

Under the Texas Transportation Code, a driver risks doubled fines when the driver speeds in "a construction or maintenance work zone when workers are present[,]" and receives a "written notice to appear issued for the offense [which] states on its face that workers were present when the offense was committed." Tex. Transp. Code Ann. § 542.404(a) (Vernon Supp. 2008). Chance does not contest that he was speeding in a construction zone; that workers were present somewhere within the construction zone; or that he received a citation indicating on its face that workers were present when the offense was committed. Chance argues that the evidence is legally insufficient because no workers were located along the particular section of the construction zone in which he traveled. Chance further asserts that the phrase "workers present" in section 542.404(a) is ambiguous and should require, at a minimum, that a worker actually be located within the construction area; that such worker be in a zone of potential danger created by a person's driving; and that such worker be visible to an ordinarily observant person. We disagree.

The language of section 542.404(a) is unambiguous. The plain language of the statute says that the applicable fine should be doubled when an offense—here, speed-

ing—is "committed in a construction or maintenance work zone when workers are present." *Id.* § 542.404(a). When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 626 (Tex.2008). Therefore, section 542.404(a) is not subject to the interpretation suggested by Chance. To add danger zone and visibility requirements to an unambiguous statute would confuse and change its plain meaning.

In his brief, Chance refers to the portion of the Texas Transportation Code which provides that no provision requiring an official traffic-control device can be enforced unless, at the time and place of the alleged violation, the device is in the proper position and is sufficiently legible to an ordinarily observant person. Tex. Transp. Code. Ann. § 544.004(b) (Vernon 1999 & Supp.2008). Chance makes no contention that the traffic signs describing the construction zone were misplaced or illegible. Rather, Chance asserts that "in the context of 544.004, the 'workers present' admonition becomes operative when workers are in the proper position and sufficiently legible (visible) to the ordinarily observant person." We disagree. Section 544.004 refers only to traffic control devices. *See id.* The presence of workers is not a traffic control device, and the visibility of workers is not a requirement necessary for enhancement under section 542.404(a). *See* § 542.404(a). We decline Chance's invitation to modify the unambiguous language of section 542.404(a).

The trial testimony of both the citing officer and Chance establishes that Chance was exceeding the posted speed limit. Both witnesses testified that Chance was driving through a posted construction zone at the time he was pulled over. The citing officer testified that signs establishing the zone, as well as the doubling of fines, were posted within Chance's view at appropriate intervals along the roadway. Chance offered his photograph of the construction zone into evidence as proof that there were no workers present. However, the photograph shows only one directional perspective of the construction zone—facing west—and so does not depict the entire construction zone. Finally, the officer testified that there were workers present within the construction zone. Viewing this evidence in a light most favorable to the verdict, we believe that a rational jury could have found each element of the enhancement beyond a reasonable doubt.

■ Chance also argues that the trial court violated the United States Constitution by removing from the jury the assessment of facts that increase the prescribed range of penalties to which Chance was exposed. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). During the deliberations, the jury foreman submitted the following question to the court: "Does 'present' mean between the start of the zone and the end of the zone, or the stretch of road traveled?" The court responded with the simple statement: "zone." Chance suggests that a proper instruction would have been "the workers have to be in the presence of the area where the defendant drives." We disagree with Chance's characterization of this exchange, and also with his suggested revision.

■ While the jury is the exclusive judge of the facts, it is bound to receive the law from the court and to be governed by such law. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex.Crim.App.1994); *see also* Tex.Code Crim. Proc. Ann. art. 36.13 (Vernon 2007). It is the court's function to provide the jury with an accurate statement of the law. *Abdnor,* 871 S.W.2d at 731; *Williams v. State,* 547 S.W.2d 18, 20

(Tex.Crim.App.1977). In this case, the trial court's response to the jury clarified a question of law. Further, the trial court responded to the jury's question in accordance with an unambiguous statute. Further, the trial court responded to the jury's question in accordance with an unambiguous statute. "The court is the only neutral source to which the jury may look for an unbiased application of the law to the facts of the case." *Williams*, 547 S.W.2d at 20. The jury retained the power to decide whether or not Chance's actions qualified for the enhanced fine under the legal parameters of section 542.404(a), as defined by the court. Consequently, the court did not remove a fact issue from the jury. We overrule Chance's issue on appeal.

Based on the foregoing, we affirm the judgment of the trial court.