**Opinion filed January 9, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00312-CR

_____

## MOISES ACOSTA HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-17-0675-CR**

## MEMORANDUM OPINION

The jury convicted Appellant, Moises Acosta Hernandez, of possession of a controlled substance, methamphetamine, four grams or more but less than 200 grams, with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2017). The jury found an enhancement allegation to be true and assessed Appellant's punishment at confinement for a term of forty years. The trial court then sentenced Appellant accordingly. In a single issue on appeal, Appellant contends

that the trial court failed to issue a proper exclusionary-rule jury instruction, which egregiously harmed Appellant. We affirm.

*Background Facts*

On July 7, 2016, Corporal Matthew Marshall and Corporal Tyler Rodgers of the Odessa Police Department were on patrol looking for a suspect involved in a shooting. The suspect was said to be driving a small black Kia SUV. Corporal Marshall and Corporal Rodgers initiated a traffic stop of the vehicle Appellant was driving because it matched the description of the suspect's vehicle.

During the traffic stop, Appellant and his passenger were almost immediately removed from the vehicle and placed on the curb due to the suspected presence of weapons. In the following minutes, the officers concluded that Appellant and his passenger were not the suspects for whom the officers were looking. Just as Corporal Rodgers told Appellant and his passenger that they were no longer being detained and were "free to go," Corporal Marshall observed a bag of methamphetamine in plain view on the driver's-side floorboard of the vehicle and placed Appellant in handcuffs. The officers then searched the rest of the vehicle and found several more bags of methamphetamine.

At trial, defense counsel noted that Corporal Marshall was not the first officer to approach the driver's side of the vehicle during the stop. In fact, Corporal Marshall was the third officer to approach that side of the vehicle after both Corporal Rodgers and Corporal Polo Frescas did not notice the methamphetamine on the floorboard. Moreover, when Corporal Marshall pointed out the methamphetamine to Corporal Rodgers, Corporal Rodgers still could not see it. Only after Corporal Marshall brought Corporal Rodgers over near the side mirror and shined his flashlight directly on the bag of methamphetamine did Corporal Rodgers observe the drugs. Defense counsel argued that these facts suggested the initial bag of methamphetamine was not actually in plain view.

Pursuant to the factual discrepancy surrounding the discovery of the initial bag of methamphetamine, the trial court proposed the following charge:

> You are instructed that if you believe, or have reasonable doubt, that evidence was obtained in violation of the Constitution or laws of the United States of America, then you shall disregard any such evidence so obtained.

This portion of the charge contained no reference to any relevant facts of the case. During the charge conference, when asked whether the defense had an objection to the charge, defense counsel responded, "No, Your Honor." The charge, including the excerpt above, was then read to the jury, and each side presented their closing arguments. Ultimately, the jury reached a guilty verdict, and based on the jury's assessment of punishment, the trial court sentenced Appellant to confinement for a term of forty years. This appeal followed.

*Jury-Charge Error*

In Appellant's sole issue, he contends that the trial court erred by submitting an improper jury charge concerning Article 38.23 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2018). As a result of that error, Appellant argues that he sustained egregious harm. We disagree.

A review of alleged jury-charge error involves a two-step analysis. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). First, we must determine whether the charge contains any actual error; second, if there is actual error, we must determine whether the error resulted in sufficient harm to require reversal. *Ngo*, 175 S.W.3d at 743–44; *Abdnor*, 871 S.W.2d at 731–32. If the defendant preserved the error by timely objecting to the charge, an appellate court will reverse so long as the appellant demonstrates that he suffered some harm. *Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). By contrast, if a defendant fails to present a properly requested jury charge, any error in the charge "should be reviewed only for

3

'egregious harm' under *Almanza*." *Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

*Exclusionary Rule*

Before we determine whether the charge contains any actual error, we must first verify that Appellant was entitled to an Article 38.23 jury instruction. *See Hamal v. State*, 390 S.W.3d 302, 307 (Tex. Crim. App. 2012). Article 38.23(a) of the Texas Code of Criminal Procedure, colloquially referred to as the Exclusionary Rule, prohibits the use of evidence obtained in violation of the Constitutions or laws of either the United States of America or the State of Texas. CRIM. PROC. art. 38.23(a). The article further provides in relevant part:

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any evidence so obtained.

*Id.*

For "the legal evidence" to "raise[] an issue" sufficient to warrant an instruction under Article 38.23(a), *id.*, "(1) [t]he evidence heard by the jury must raise an issue of fact; (2) [t]he evidence on that fact must be affirmatively contested; and (3) [t]hat contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence." *Madden*, 242 S.W.3d at 510.

In this case, there was a factual dispute as to whether Corporal Marshall properly observed the initial bag of methamphetamine in plain view. At trial, during his opening statement, closing statement, and cross-examinations, defense counsel consistently argued that the evidence was discovered in violation of the Fourth Amendment. Further, the trial judge apparently thought that it was necessary to admonish the jury in accordance with Article 38.23(a), evidenced by the fact that he

4

did so. Accordingly, we assume, without deciding, that Appellant was entitled to a jury instruction under Article 38.23(a) and proceed with our determination of whether the charge contained actual error.

When the evidence raises an issue as to whether evidence was illegally obtained, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any evidence so obtained." CRIM. PROC. art. 38.23(a). In instructing the jury, the trial judge should include the "factual issue for the jury to decide, along with an explanation of the pertinent law." *See Madden*, 242 S.W.3d at 511–13. Jurors cannot be expected to be experts in Fourth Amendment jurisprudence. *See id.* To be sure, it is well settled that "[t]he jury decides facts; the judge decides the application of the law to those facts." *Id.* at 511. The entire purpose of the jury charge, then, "is to instruct the jury on the law that applies to the case and to *guide* the jury in applying the law to the facts of the case." *Rideau v. State*, No. 09-16-00411-CR, 2018 WL 651775, at *10 (Tex. App.—Beaumont Jan. 31, 2018, pet. ref'd) (mem. op., not designated for publication) (emphasis added) (citing *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996), *disavowed on other grounds by Gelinas v. State*, 398 S.W.3d 703, 704, 710 (Tex. Crim. App. 2013)). A charge that simply regurgitates the law does little, if anything, to help guide the jury. *See Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977). We assume, without deciding, that the charge contained actual error and proceed with the harm analysis. *See Ngo*, 175 S.W.3d at 743–44; *Abdnor*, 871 S.W.2d at 731–32.

*Harm Analysis*

In this case, Appellant made no objection to the issued charge. Accordingly, any error must be reversed only upon a showing by Appellant that he has suffered egregious harm: "To be reversible, any unpreserved jury-charge error must result in

5

egregious harm which affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (citations omitted) (internal quotation marks omitted). In *Almanza*, the Court of Criminal Appeals outlined four factors that reviewing courts should consider when determining whether a jury-charge error resulted in egregious harm: "1) the charge itself; 2) the state of the evidence including contested issues and the weight of the probative evidence; 3) arguments of counsel; and 4) any other relevant information revealed by the record of the trial as a whole." *Hutch*, 922 S.W.2d at 171.

Considering the charge itself, the language utilized closely mimics the language of Article 38.23(a). Though the charge itself fails to incorporate any facts of the case, the only dispute that implicated Article 38.23(a) was whether the methamphetamine was found in accordance with the plain view exception to the warrant requirement of the Fourth Amendment. This further decreases the likelihood that the jury was confused by the lack of factual application within the charge.

Most importantly, the arguments presented by counsel seemingly account for any potential error. Immediately after explaining why he did not believe the initial bag of methamphetamine was in plain view, defense counsel stated: "Based on that, I don't believe that the State had probable cause to do this search." Defense counsel then proceeded to quote Article 38.23(a) and explain why the jury did not have to consider the illegally obtained evidence. Moreover, the prosecutor himself further reiterated the defense's argument during his own closing argument. Based on our analysis of the factors outlined in *Almanza*, we hold that any potential error in the jury charge did not egregiously harm Appellant. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

KEITH STRETCHER

JUSTICE

January 9, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.