

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00084-CR

LOPPHAY GUM PRATOMMARATH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 81,969-E-CR, Honorable Douglas R. Woodburn, Presiding

April 19, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Lopphay Gum Pratommarath, Appellant, shot and killed Husin Bi and was charged with felony murder.[1]  He elected a jury trial, was convicted of murder as indicted, and was sentenced to life in prison.  By a sole issue he complains of charge error.  Specifically, Appellant contends that the jury was not properly instructed regarding its option to acquit

---

[1] TEX. PENAL CODE ANN. § 19.02(b).

him if jurors believed he was acting in defense of a third party when he committed the underlying murder. Because we find no error, we affirm.

## BACKGROUND

Appellant operated a gambling establishment in Amarillo, Texas. On March 12, 2020, Appellant, Bi, and several others were present when an argument broke out. Initially, the disagreement was between Bi and two others: Benito Ruiz and Evelyn Gonzalez. Ruiz and Gonzalez believed Bi had previously stolen a purse containing a large amount of cash from their home. Several witnesses observed portions of this interaction and broadly painted it as one instigated, and controlled, by Ruiz. The record shows that multiple people, including Ruiz, may have thought Bi had a knife in his pocket but no testimony was offered to show that Bi wielded a knife or that Ruiz was objectively in danger of being stabbed or cut by Bi.

At some point, Appellant approached the quarrel, pulled out a gun, cocked the hammer, and pointed it in the direction of Bi's head. Bi, apparently not terribly unnerved, swatted at the gun several times. The last time coincided with the sole, and fatal, shot to his head. The overall impression of the witnesses was that the shooting was accidental. The defensive theory presented at trial was based on defense of a third person, specifically, that Appellant was defending Ruiz when he shot Bi. After the close of evidence, the jury was instructed on the lesser-included offense of deadly conduct and was also instructed on theories of self-defense and defense of a third person. The trial court gave the following instruction, which Appellant argues did not sufficiently explain

2

that the jury could acquit if it believed the use of force was immediately necessary to protect Ruiz:

> Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of March, 2020, in Potter County, Texas, the defendant, LOPPHAY GUM PRATOMMARATH, did then and there, while in the course of knowingly committing a felony, namely, Aggravated Assault with a Deadly Weapon, intentionally or knowingly commit an act clearly dangerous to human life, namely shooting Husin Bi with a firearm that caused the death of Husin Bi, while the defendant was in the course of an[d] in furtherance of the commission of the felony offense, and unless you further find from the evidence, or you have reasonable doubt thereof, that at the time, the defendant reasonably believed that his use of deadly force was immediately necessary to protect another, Benito Ruiz, against the use or attempted use of any unlawful deadly force by Husin Bi, if there was, and so believing the Defendant committed an act clearly dangerous to human life by shooting Husin Bi with a firearm which caused the death of Husin Bi, then you will find the Defendant guilty as charged in the indictment.
>
> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, "Not Guilty."
>
> Now, if you find that self-defense of a third person did not apply and have a reasonable doubt thereof, you will acquit the defendant of Murder and next consider if the defendant is guilty of Deadly Conduct pursuant to Penal Code Section 22.05(b)(1).

No objection to the instruction was lodged.

## APPLICABLE LAW

Appellant contends that the trial court did not correctly charge the jury regarding his defensive theory. A claim of charge error triggers a two-step inquiry. First, we determine if there was error in the charge. *Alcoser v. State*, No. PD-0166-20, 2022 Tex. Crim. App. LEXIS 186, at *8 (Tex. Crim. App. Mar. 30, 2022). In general, the trial court is required to deliver to the jury a written charge distinctly setting forth the law applicable

3

to the case and the essential elements of the charged offense. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). The charge should set forth "the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument . . . calculated to arouse the sympathy or excite the passions of the jury." *Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012) (citing TEX. CODE CRIM. PROC. ANN. art. 36.14)).

If there is error, we next decide whether an appellant was harmed by the erroneous charge. *Id.* at 649. Because no objection was lodged at trial, Appellant must have suffered "fundamental" harm to warrant reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). This is often referred to as the egregious harm standard, which will necessitate a reversal "only if the error is so egregious and created such harm that [the defendant] 'has not had a fair and impartial trial' -- in short 'egregious harm.'" *Id.* Harm is assessed "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record as a whole." *Id.*

### ANALYSIS

The charge defined for the jury various words and phrases relevant to the case. It then discussed self-defense and defense of a third person. Notably, the charge included an explanation of self-defense and defense of others:

> Under our law, a person is justified in using force against another when and to the degree that he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force.

4

A person is justified in using deadly force against another if he would be justified in using force against the other in the first place, as set out above, and when he reasonably believes that such deadly force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force. A person is justified in using force or deadly force against another to protect a third person if, under the circumstances as he reasonably believes them to be, he would be justified in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonable [sic] believes to be threatening the third person he seeks to protect and he reasonably believes that his intervention is immediately necessary to protect the third person.

It then went on to explain "reasonable belief" and "deadly force" as they applied to the defense. Next, it discussed the circumstances where the use of deadly force could be presumed to be reasonable by the jury and when, or if, a person would be required to retreat prior to using deadly force as a defense.

After these abstract definitions, the trial court provided the previously complained-of application paragraph and then instructed the jury on two lesser-included offenses of deadly conduct differentiated by their requisite mental states—knowingly and recklessly.[2] The application paragraph of the reckless deadly conduct included an instruction on the applicability of the defense of others theory but, Appellant argues, this instruction was significantly clearer than the instruction given in the felony murder and knowingly deadly conduct application paragraphs.

In the "knowingly" deadly conduct instruction, the court gave the following instruction:

. . . and unless you further find from the evidence, or you have reasonable doubt thereof, that at the time, the defendant reasonably believed that his use of deadly force was immediately necessary to protect another, Benito Ruiz, against the use or attempted use of any unlawful deadly force by

---

[2] TEX. PENAL CODE ANN. § 22.05(a) (recklessly), (b) (knowingly).

5

Husin Bi, if there was, and so believing the Defendant discharged a firearm at or in the direction of Husin Bi, **then you will find the Defendant guilty of Deadly Conduct.**

(Emphasis added.)

Conversely, in the next application paragraph, dealing with "reckless" deadly conduct, the trial court gave an instruction which ended differently than the previous two application paragraphs:

If you find from the evidence beyond a reasonable doubt that on or about the 12th day of March, 2020, in Potter County Texas, the defendant, LOPPHAY GUM PRATOMMARATH, did cause the death of an individual, Husin Bi, by shooting him with a firearm, and the defendant did point a loaded firearm at Husin Bi's head, but further find from the evidence, or you have reasonable doubt thereof, that at the time, the defendant reasonably believed that his use of deadly force was immediately necessary to protect another against the use or attempted [use] of any unlawful deadly force by another, if there was, and so believing the Defendant pointed a loaded firearm at the Husin Bi's head which caused the death of Husin Bi, **then you will acquit the defendant and say by your verdict "Not Guilty."**

(Emphasis added.)

In essence, the first two application paragraphs instructed the jury that, unless it found the defense of others applicable, it would find Appellant guilty. But in the last instruction, the trial court switched the language around to direct the jury to acquit if it found that Appellant reasonably believed that the use of deadly force was immediately necessary. Appellant argues this unfairly confused the jury.

Charges should be clear, not confusing. "It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and to prevent confusion." *Reeves v. State*, 420 S.W.3d 812, 818 (Tex. Crim. App. 2013) (quoting *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977)). Although it is

6

lengthy, the complained-of legal application paragraph is not, on its face, confusing in light of historical practices in charge drafting. Appellant would have us adopt a rule that any defensive issue must be followed by an affirmative statement ordering acquittal. While that is more direct than stating it in the inverse ("you will acquit" versus "unless you find from a reasonable doubt the defense applies, you will convict"), we cannot say that the charge, as written, expresses an opinion on the weight of the evidence, sums up the testimony, discusses the facts, or uses an argument calculated to arouse the sympathy or excite the passions of the jury. On their face, both instructions are correct statements of law. Both instruct the jury that defense of others is an issue for the jury to resolve and that a finding in Appellant's favor would acquit him. A review of the entire charge, evidence presented, and arguments of counsel supports our conclusion.

A review of the entire charge clearly shows that defense of others was an issue in the case and that the jury could acquit under that theory. Additionally, both the State and the defense believed that defense of others could operate as an acquittal mechanism and argued as much during closing arguments. The instructions to the jury given by counsel for both parties were clear: if you think defense of others applies, you acquit. Finally, we see nothing in the record to suggest that the jurors were actually confused by the charge. The jury never asked for any clarification on the jury instructions. On this record, we cannot say that the charge was confusing on its face. Finding no error in the charge, we overrule Appellant's sole issue.

In our review of the record, we have identified two errors in the judgment that constitute non-reversible error. The judgment lists the statute of conviction as Texas Penal Code section 19.02(c). However, that statutory provision simply states the degree of offense, which in this case is a first-degree felony. The judgment must reflect both the degree of offense and the specific offense of conviction. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13), (14). Also, the judgment reflects a finding of "N/A" on the "Finding of a Deadly Weapon." The indictment alleged the use of a deadly weapon and the jury found Appellant guilty of murder "as alleged in the indictment." Since the jury made this finding, the trial court was statutorily required to enter those findings in the judgment. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.01, § 1(21) (judgment shall reflect "affirmative findings entered pursuant to Article 42A.054(c) or (d)"); 42A.054(c) ("On an affirmative finding regarding the use or exhibition of a deadly weapon as described by Subsection (b), the trial court shall enter the finding in the judgment of the court."); 42A.054(d) ("On an affirmative finding that the deadly weapon under Subsection (c) was a firearm, the court shall enter that finding in its judgment.").

We have the authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b). Accordingly, we modify the trial court's written judgment of conviction to reflect that the "Statute for Offense" is section 19.02(b)(3) of the Texas Penal Code. *See Jackson v. State*, No. 03-18-00417-CR, 2020 Tex. App. LEXIS 3772, at *4 (Tex. App.—Austin May 6, 2020, pet. ref'd) (mem. op., not designated for publication) (reforming judgment to reflect the statute for offense to section 19.02(b)(1), "the statutory provision that defines the offense of intentional and

knowing murder," rather than section 19.02(c)).  We further modify the judgment to reflect an affirmative finding of a deadly weapon—a firearm.

## CONCLUSION

We modify the written judgment of conviction as noted above to correct errors and affirm the judgment as so modified.

Judy C. Parker
Justice

Do not publish.